## Metropolitan Life Insurance Co. v. Sims.

(Decided Dec. 8, 1933.)

654

WHEELER, WHEELER & SHELBOURNE for appellant.
C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This case was brought before us upon motion for an appeal by the Metropolitian Life Insurance Company seeking a reversal of a judgment found against it in the suit of Eugene Sims upon an industrial policy of insurance taken out by him upon the life of his brother, Willie Sims.

According to the evidence, it appears that Willie Sims, a colored man of some fifty years of age,. who lived in Hopkinsville, Ky., visited his brother, Eugene Sims, in June, 1931, who resided in Paducah, at which time, according to a prearrangement made by his brother with the appellant's agent, he applied for insurance, was examined, and an industrial insurance policy issued him in the sum of $496.80 on June 6, 1931. Upon the subsequent death a month or so later of Willie Sims, the appellee, Eugene Sims, filed suit against the company upon this policy, seeking to recover its amount of $496.80. It appearing that the policy was payable to the administrator or executor of the deceased, Sims accordingly so qualified, and, by an amended petition, set out such fact and sought the relief prayed in the original petition, alleging that the Metropolitan Life Insurance Company had issued the policy upon the life of his brother at the time stated; that he had paid the premiums thereon and made due proof of death. To this pleading the defendant answered, admitting execution by it of the industrial insurance policy, but that same was made payable only to the executor or administrator of the insured while it averred the plaintiff, Eugene Sims, was a stranger to it.

By a separate paragraph it pleaded the conditions of the policy, providing, in substance, that, if the insured had been attended by a physician for any serious disease or complaint within two years before the date of the policy, the policy would be void unless there was some waiver by the company of this breach of the condition referred to on page four of the policy. It further pleaded that the insured had been attended by a

physician within such time for a serious disease, chole-cystitis with stones or gall stones and gastric ulcer, which was a serious disease or complaint; and that under the provisions of the policy it was liable only for the return of the premiums paid, in the event of a breach of this condition and offered and tendered the amount of the premiums, namely $9.60, with interest.

It further pleaded that the insured had made false answers in his application for the policy as to his state of health, stating that he was then in sound health and had not been under the care of any physician within three years, when, as a matter of fact, the insured had been under the care of a physician even on the day the application for the policy was made and that the insured was on that day suffering from gall stones and a gastric ulcer and knew that he was so suffering and knew he was not then in sound health and had not been for several months prior thereto; that the declarations in the application were made to induce the defendant to issue the policy and that, relying on these declarations, it did issue the policy. It pleaded that the policy was procured by false representations and that its liability was limited to the return of the premiums paid, which it tendered, with interest.

By reply plaintiff denied the affirmative averments of the answer and pleaded that he was not bound by the condition of the policy pleaded in paragraph three; that he did not sign parts B and C of the application and also pleaded an estoppel as to the third paragraph upon the ground that the defendant exercised its right to have a medical examination made of the insured, and thereby, rather than by insured's statements, it determined that the insured was in good health and entitled to such insurance and it was therefore estopped to claim that he was not in good health when he signed the application. Upon motion to strike made by the defendant of these paragraphs of the reply, the court sustained the motion except as to the third paragraph pleading estoppel.

This affirmative averment of the reply, which was not stricken, was controverted of the record. Upon trial, the defendant was awarded the burden and thereupon introduced the testimony of its witnesses Riggs, its district manager, and Depriest, its local agent, to

the effect that, if true and correct answers had been given by the insured as to his health and as to his attendance by a physician within three years, that the company, acting in accordance with the usual practice of such companies, would not have written the policy. Further, it showed by the testimony of Dr. J. N. Bailey that on June 4, 1931, at 11:30 a. m., he was called to see the insured in Paducah, when he found him suffering with severe pains and "some sort of knot in the right side of his abdomen"; that he diagnosed his trouble as gall stones and probably cancer and then advised insured of the nature of his trouble and of his diagnosis; it is further shown that some time in the afternoon of this same day the insured's application for this insurance was made, its questions answered, and the policy issued on June 6th. Also on June 5th, the day following the visit and examination of the insured by Dr. Bailey, Dr. Willingham, medical examiner for the company, made an inspection of the insured when, he states, the insured gave favorable answers to all the questions asked him in part C of the application, though he stated that he did not "ask verbatim" all the questions set out in this part of the application, and that, when the inspection and examination was made of insured, he did not detect anything as then wrong with him nor make particular examination of him as he would have, had insured told him of his treatment by the physician the day before or of a physician having attended him within the prior three years.

Upon the conclusion of this testimony, the appellant moved for a peremptory instruction upon the ground that there were no questions raised by this evidence to submit to the jury and that it was therefore entitled to a peremptory instruction. Appellant's motion, however, was overruled, the offered instruction refused to be given, and instructions 1, 2, and 3 given the jury upon the court's own motion, to all of which the appellant objected and excepted.

No proof was introduced by the plaintiff, and upon the submission of the case to the jury, under the stated instructions of the court, it returned a verdict for the plaintiff in the amount asked for of $496.80, and upon which judgment was accordingly entered. To reverse this judgment this appeal is moved for and prosecuted. The appellee, in answer to appellant's argument made

upon the grounds set out by it for a new trial, insists that he should be granted a cross-appeal wherein he sets out many grounds of objection, assigned as errors committed by the trial court, prejudicial to him in the admission of evidence.

We do not, however, find it necessary to go into the merit of the several objections here made, pro and con, to the judgment in view of the conclusion we have reached that the court prejudicially erred in failing to grant appellant's motion for a peremptory instruction. The evidence is uncontradicted, as testified by Dr. Bailey, that on June 4, 1931, the day the policy was applied for and within two days of the issuance of the policy, that he visited the insured who then was sick and suffering with gall stones and perhaps cancer. When Dr. Bailey was called and visited him, he so diagnosed his trouble and then advised the insured that such was the nature and character of his then serious complaint. It appears that notwithstanding this, that on the same afternoon the insured, when answering the questions asked and contained in his application, denied that he had been treated by a physician within three years and stated that he was then in sound health, which, under the circumstances, were untrue and fraudulent statements, made with full knowledge of their falsity. Also it is an express condition of the policy sued upon that, if the insured had been treated by a physician within two years for a serious disease or complaint (which the insured evidently here knew and was told was the nature of his gall stones or cancer of the stomach or gastric ulcer complaint for which he was treated) that the insurer, upon the discovery that such facts existed, should have the right to void the policy upon returning the premiums paid it with interest. Inasmuch as the policy contained such a provision and was here pleaded in defense to this action and the premium money with interest was tendered back to plaintiff, there can be no question upon the evidence here before us but that the appellant, the insurer, was entitled to have a peremptory instruction given in its favor upon its tendering the return of the premium money and interest. We, therefore, in view of this conclusion, deem it unnecessary to extend this opinion by the discussion of further points raised in argument and conclude that the lower court prejudicially erred in refusing to give

the requested peremptory instruction for the defendant and that for such reason its judgment should be reversed. Therefore, for reasons stated, the motion for the appeal is sustained, an appeal granted and the judgment reversed and cause remanded for new trial consistent with this opinion.